UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VELCRO GROUP CORPORATION,

        Plaintiff,

   v.

ALAIN ZIJLSTRA,

        Defendant.

Civil Action No. _____

COMPLAINT FOR DECLARATORY JUDGMENT

Velcro Group Corporation ("VGC") brings this Complaint pursuant to 28 U.S.C. § 2201, for a declaratory judgment that it does not owe Alain Zijlstra ("Zijlstra") a "2014 Bonus" as defined under the Separation Agreement and General Release and Waiver of Claims among VGC, its parent Velcro Industries N.V. ("VINV") and Zijlstra.  Further, VGC seeks a declaration that the 2014 Bonus is not a wage under the Massachusetts Wage Act (M.G.L. § 149, §§ 148 & 150).

The Parties

1.      VGC is a Delaware corporation with its principal place of business in Manchester, New Hampshire.  It maintains executive offices in Boston, Massachusetts.

2.      Zijlstra is a citizen of Spain.  He resides at Carrer Mimosa 2B, Urb. Ses Cotes, 17255 Begur (GI), Spain.

Jurisdiction and Venue

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest or costs.

B4418826.1

4. Venue is proper in this Court pursuant to 28 U.S. C. § 1391(a)(2) in that the locus of the employment relationship giving rise to this action was Massachusetts, the events at issue primarily occurred in the Commonwealth, and the Separation Agreement and General Release and Waiver of Claims expressly provides that it is governed by Massachusetts law.

Factual Allegations

5. Zijlstra was employed by VGC as its Chairman, President and CEO, and his office was in Boston, Massachusetts.

6. On September 30, 2014, VGC terminated Zijlstra's employment.

7. In October 2014, Zijlstra, VGC and VINV entered into the Separation Agreement and General Release and Waiver of Claims ("Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit A.  Because the Agreement is confidential, it is being filed under seal.

8. As part of the Agreement, Zijlstra acknowledged that he had received his base salary through the date of termination and that he had no accrued but unused vacation time.

9. In Sections 4(a), (b), (c), and (d), VGC agreed to pay Zijlstra a lump severance payment, a lump sum payment equal to three months' of his base salary, a second lump sum severance payment equal to one month of severance for each full year of employment, and a third lump sum severance payment equal to 20 days of salary for each full year of employment.

10. In addition to these payments, VGC promised in the Agreement to pay Zijlstra a "Preliminary Bonus."  Section 4(e) describes the Preliminary Bonus as follows:

> "a bonus for fiscal year 2014 in the gross amount of $352,800 ("Preliminary Bonus"), less all required local, state, federal and other employment-related taxes and deductions.  The amount of the bonus was calculated at the maximum target bonus amount, less the discretionary component, and reflects the consolidated performance of VINV and VGC for the first nine months of fiscal 2014.  This payment shall be made within 30 days of the Separation Date."

11. VGC paid Zijlstra the Preliminary Bonus, together with all other lump sum payments described in Sections 4(a), (b), (c) and (d).

12. In addition, VGC promised to pay a "2014 Bonus" under certain circumstances, as set forth in Section 4(f) of the Agreement:

> "Within thirty (30) days after audited consolidated financial statements for VINV and VGC become available, VGC shall calculate a bonus for Zijlstra based on the full-year 2014 financial results (the "2014 Bonus") and on the same basis as the Preliminary Bonus. In the event that the Preliminary Bonus is equal to or exceeds the amount calculated as the 2014 Bonus, Zijlstra shall be entitled to no additional payment. If the amount calculated as the 2014 Bonus exceeds the Preliminary Bonus, VGC shall pay to Zijlstra such excess amount, less all required local, state, federal and other employment-related taxes and deductions, within sixty (60) days after the audited consolidated financial statements for fiscal 2014 become available. VGC shall provide Zijlstra with a calculation of the amount of the 2014 Bonus certified by an officer of VGC."

13. On May 15, 2015, VGC delivered to Zijlstra a certified calculation of the 2014 Bonus. It determined that no additional money was owed. A true and correct copy of the certified calculation is attached hereto at Exhibit B. Because the document is confidential, it is being filed under seal. Based on the full year financial results, VGC determined that the maximum bonus award was $470,400. Because paragraph 4(f) states that the 2014 Bonus shall be calculated "on the same basis as the Preliminary Bonus," this amount was prorated by 75% to reflect "the first nine months of fiscal year 2014" (which also corresponds with Zijlstra's period of employment). Thus, VGC determined that the 2014 Bonus was $352,800. Because this amount was equal to and did not exceed the Preliminary Bonus paid in accordance with paragraph 4(e), VGC determined that no additional payment was required.

14. Zijlstra objected to this calculation. According Zijlstra, VGC should not have prorated the maximum bonus award for the first nine months of fiscal year 2014. Zijlstra contends that the 2014 Bonus should be and he is entitled to $117,600 (the difference between

the maximum bonus amount of $470,400 and the Preliminary Bonus of $352,800). He also contends the 2014 Bonus is a "wage" covered by the Massachusetts Wage Act (M.G.L. Ch. 149, §§ 148 & 150) and subject to the statute's mandatory treble damages provision. He has demanded this amount, as well as other claims, in writing.

15. VGC has refused to pay the amount demanded by Zijlstra and denies that the 2014 Bonus is a wage under the Wage Act.

16. The Agreement states that it "shall in all respects be interpreted, enforced, governed and construed by and under the laws of the Commonwealth of Massachusetts, without giving effect to the principles of conflict of laws."

17. In the Agreement, Zijlstra "acknowledge[d] and agree[d] this Agreement sets forth the entire agreement among him, VGC and VINV and fully supersedes [any and] all prior agreements or understandings among them pertaining to the subject matter hereof." The parties also agreed that "[t]he Agreement may be modified only in a writing signed by Zijlstra and an authorized representative of VGC and VINV."

## COUNT I
### (Declaratory Judgment)

18. VGC repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. There is a case of actual controversy between the parties. VGC contends that it has determined correctly that no amount was due to Zijlstra as the 2014 Bonus by calculating it "on the same basis" as the Preliminary Bonus. Zijlstra contends that the 2014 Bonus should not have been prorated for the first nine months of fiscal year 2014. He also contends that the 2014 Bonus is covered by the Wage Act.

20. Pursuant to 28 U.S.C. § 2201, VGC is entitled to a declaratory judgment that it correctly calculated the 2014 Bonus and that the 2014 Bonus is not a wage under the Wage Act.

WHEREFORE, Velcro Group Corporation respectfully requests that the Court:

1.  Enter judgment in its favor, declaring that it does not owe Zijlstra any amount as a 2014 Bonus, as defined in the Agreement, and that the 2014 Bonus is not covered by the Wage Act; and

2.  Grant such other and further relief as the Court deems just and proper.

        VELCRO GROUP CORPORATION

        By its attorneys,


        /s/ *Christopher S. Feudo*
        Robert A. Fisher, BBO #643797
        Christopher S. Feudo, BBO #670499
        Foley Hoag LLP
        155 Seaport Blvd.
        Boston, MA 02210
        (617) 832-1000
        (617) 832-7000 (fax)
        *rfisher@foleyhoag.com*
        *cfeudo@foleyhoag.com*

Dated: July 27, 2015

B4418826.1