United States District Court
District of Massachusetts

| | |
|---|---|
| VELCRO GROUP CORP., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ALAIN ZIJLSTRA, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>15-13026-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises from a complaint for declaratory judgment in a dispute over the interpretation of the terms of a "Separation Agreement" between plaintiff Velcro Group Corporation and defendant Alain Zijlstra. On December 3, 2015, defendant moved to seal the record of this case or, alternatively, to replace his name with "John Doe" in all public records of the case. Plaintiff assented to the motion.

I. Legal Standard

There is a well-established presumption of public access to judicial documents. Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987). Non-disclosure of judicial records can be justified for "only the most compelling reasons." Id. District courts therefore "must carefully balance the competing interests that are at stake in the particular

-1-

case." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998). What constitutes sufficient cause depends on the nature of the records the parties seek to impound. The more essential a document is to the Court's core function of adjudicating the parties' claims, the higher the burden to overcome the presumption of public access. Bradford & Bigelow, Inc. v. Richardson, No. 13-cv-11025-RWZ, 2015 WL 3819234 at *2 (D. Mass. June 19, 2015) (Zobel, J.).

The First Circuit Court of Appeals has opined:

> The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access.

Siedle, 147 F.3d at 10. Instead, the moving party must provide "a particular factual demonstration of potential harm." Standard Fin. Mgmt. Corp., 830 F.2d at 412. In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets, confidential business information, information covered by a recognized privilege such as the attorney-client privilege and information required by statute to be sealed. See Bradford & Bigelow, 2015 WL 3819234 at *2; Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002).

## II. **Analysis**

Defendant has requested that the Court seal all records in the case, including plaintiff's complaint and the docket itself.

To allow defendant's request would be to remove completely the case from the public's scrutiny and override the presumption of public access.  Furthermore, the complaint, the only pleading filed in the case thus far, is essential to the Court's core function.  Accordingly, the burden of persuasion for defendant to overcome the presumption of public access is at its utmost.

Defendant proffers two reasons in support of his motion. First, he claims that the lawsuit will cause embarrassment to his domestic partner.  Such a generalized concern does not meet the requisite threshold to justify complete impoundment of the record.  Second, defendant asserts that the maintenance of public records in this case would jeopardize his ongoing search for employment.  While that concern is more thoroughly articulated, it is also inadequate to justify the requested relief.

The complaint in this case was filed on July 27, 2015.  No substantive pleadings have been filed since then.  Defendant avers that during the five intervening months, the parties have negotiated a resolution of their dispute without judicial oversight.  In light of the brevity of the case docket and the lack of contention between the parties, public disclosure of this lawsuit presents minimal potential for harm to defendant's employment opportunities.  Defendant's motion to seal will therefore be denied.

**ORDER**

For the foregoing reasons, defendant's motion to seal the record (Docket No. 16) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 12, 2016